IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLETTE LOSEKE,<br><br>                Plaintiff,<br><br>    vs.<br><br>DEPALMA HOTEL CORPORATION,<br>BK HOLDINGS, LLC,<br><br>                Defendants. | 4:13CV3191<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Plaintiff's motion to extend the deadline by which discovery in this case was to be completed, (Filing No. 20). For the reasons set forth below, the motion is granted.

## BACKGROUND

      This matter was removed from the District Court of Platte County, Nebraska on November 8, 2013, (Filing No. 1). The parties completed their planning conference and submitted a Report in accordance with Fed. R. Civ. P. 26(f). This court entered a final progression order on December 20, 2013, (Filing No. 10). Pursuant to the parties' agreement, all written discovery was to be completed by March 28, 2014.

      Defendant served its first discovery requests on December 26, 2013. Plaintiff served her initial requests on January 7, 2014. On January 24, 2014, Plaintiff requested a two-week extension for serving her discovery responses. Defendant agreed to the extension provided it received the same two-week extension to respond to Plaintiff's initial inquires. The parties reached an accord allowing both parties to use an additional two weeks for responding. Plaintiff served her discovery on Defendant on February 25,

2014, and Defendant provided Plaintiff with its initial responses and a second document request on March 12, 2014. On March 31, 2014, Plaintiff contacted Defendant and sought an additional extension to the written discovery deadline. Defendant refused. Plaintiff then filed this motion seeking an extension of the written discovery deadline until May 15, 2014.

## ANALYSIS

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

In applying the factors identified in Sherman, the court does not find Plaintiff acted without diligence and, importantly, Defendant will not experience prejudice by any delay. Defendant bases its argument primarily on the fact Plaintiff did not ask the proper questions in its first set of interrogatories and is seeking an extension to do so now. Specifically, Plaintiff asked Defendant to "Identify any and all evening events held while Plaintiff worked for Defendant." See Filing No. 22-5. Defendant apparently named the events, but did not provide the dates of the events and argues that Plaintiff is out of time to request the dates.

Assuming that the term "identify" did not require the Defendant to produce dates of the events, the court does not find the Plaintiff acted without diligence. The parties agreed upon a relatively short discovery deadline, and as occurs in many, many cases before this court, one of the parties requested a minimal extension of the discovery deadline. As the court fully expects, the parties initially worked together and agreed upon a mutually beneficial extension of the discovery response deadline. The plaintiff sought to extend the written discovery deadline, arguably in an attempt to easily resolve a discovery dispute that otherwise might have required more motion practice – *i.e.* whether "identification" of an event includes the date of the event. While the court discourages lengthy extensions of discovery, the Plaintiff is seeking a minimal extension only after the parties had already agreed to an extension. Although, the plaintiff could have contacted Defendant earlier, her request less than a week after the expiration of the original deadline does not fall below the standard of diligence such that an amendment to the progression order should be denied. Accordingly, the court finds Plaintiff met her burden of demonstrating due diligence in this case.

Additionally, none of the remaining progression deadlines will need to be further extended. Thus, the defendant will not be prejudiced by the extension of the written discovery deadline.

IT IS ORDERED that Plaintiff's Motion to Extend Deadline, (Filing No. 20), is granted. The deadline for completing written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure is May 15, 2014.

Dated this 22nd day of April, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge