IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLETTE LOSEKE,<br><br>          Plaintiff,<br><br>vs.<br><br>DEPALMA HOTEL CORPORATION,<br><br>          Defendant. | 4:13-CV-3191<br><br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement (filing 35). The Court finds that at present, the record is insufficient for the Court to find that the settlement is fair. The Court will, therefore, deny the parties' motion, but without prejudice to reassertion.

    The plaintiff's complaint alleges, as relevant, that the defendant violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, by not paying her overtime wages. Filing 1-1 at 2-3. The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. *Id.* FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate. *Id.*

    So, there are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Lynn's Food*, 679 F.2d at 1352-53. Second, when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* The parties' present motion seeks such a stipulated judgment. *See* filing 35. The Court agrees with the parties that the plaintiff's claims may be compromised only if the Court approves the fairness of the settlement. *See Lynn's Food*, 679 F.2d at 1352; *see also, Nall v. Mal-Motels, Inc.*, 723 F.3d

1304, 1307-08 (11th Cir. 2013); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008).

"Although *Lynn's Food* requires a court to scrutinize a proposed settlement for fairness, it does not describe the factors a court should use in doing so, and courts have struggled to apply *Lynn's Food* properly." *Briggins v. Elwood TRI, Inc.*, ___ F. Supp. 2d ___, 2014 WL 975701, at *7 (N.D. Ala. March 11, 2014).

> Factors that have been used by courts to assess the fairness of a proposed settlement include the following: (1) whether there is a *bona fide* dispute as to coverage of the FLSA or the amount of overtime to which the employee may be entitled, (2) whether the employee initiated the claim in a lawsuit, (3) whether the employee is represented by counsel, (4) whether the employer appears to be able to exercise undue leverage or influence over the employee, (5) how close to full compensation of the employee's claim is the proposed settlement, (6) whether the settlement includes or excludes liquidated damages and/or the employee's attorney's fees and expenses, and (7) whether the proposed settlement requires the employee to release other non-FLSA claims or places other restrictions on the employee in order to receive FLSA compensation.

*Id.* Courts have also considered such factors as the extent of discovery that has taken place; the stage of the proceedings, including the complexity, expense and likely duration of the litigation; the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; the absence of fraud or collusion in the settlement; whether the settlement agreement is the product of arm's-length bargaining; and the experience of counsel who have represented the plaintiffs. *See, e.g., Patel v. Barot*, ___ F. Supp. 2d ___, 2014 WL 1624001, at *6 (E.D. Va. April 23, 2014); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005). Factors that can weigh against approval may include the presence of other employees similarly situated to the plaintiff, a likelihood that plaintiff's circumstance will recur, or a history of FLSA noncompliance by the same employer or others in the same industry or region. *Wolinsky*, 900 F. Supp. 2d at 336.

This list of factors is both non-exclusive and potentially over-inclusive—weighing the fairness of a settlement in any given case will, necessarily, depend on that case's unique circumstances. But in this case, the

parties' motion does not provide the Court with the information needed to evaluate even the most basic aspects of the settlement's fairness. There is, for instance, no way for the Court to estimate the potential value of the plaintiff's claim. Her complaint alleges that she is entitled to compensation for 775 hours' worth of overtime. Filing 1-1 at 3. But the Court does not know what that allegation is based upon, nor does the Court know at what rate the plaintiff should allegedly have been paid. The parties assert that "[b]ased on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion[,]" filing 35 at 3—but that depends on comparing the amount to be paid with the amount that *could* have been recovered at trial, and the Court cannot make that comparison.

The FLSA also provides for liquidated damages, see 29 U.S.C. § 216(b), but neither the settlement agreement nor the motion break down the settlement amount to show whether it is composed of unpaid compensation, liquidated damages, or both. *See Goldsby v. Renosol Seating, LLC*, 294 F.R.D. 649, 654 (S.D. Ala. 2013). In order to determine whether the settlement is a fair and reasonable resolution of the plaintiff's FLSA claim, the Court must consider whether in compromising her claim, the plaintiff agreed to forego her statutory right to liquidated damages or any of her unpaid overtime compensation. *See id.* But the information before the Court is not clear on that point. *See id.*[1]

Nor is the Court in a position to determine whether there is a bona fide dispute as to the applicability of the FLSA or the plaintiff's right to recovery. The parties' motion asserts that the defendant "maintains that Plaintiff . . . was paid all wages owed and is not owed overtime compensation." Filing 35 at 3. The motion describes the settlement as a way for both sides to avoid the risks of litigation. Filing 35 at 3-4. But for the Court's inquiry into fairness to have any meaning, "it must do more than just take at face value the parties' assertion that there is 'no doubt' that the lawsuit involves a bona fide dispute over FLSA coverage." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008). If there is no actual doubt that the plaintiff would be entitled to the compensation she sought, and therefore to liquidated damages as well, "then any settlement of such claims would allow the employer to

---

[1] The Court also notes the plaintiff's allegation that after the plaintiff's complaints to her employer about unpaid overtime were ignored, she "took her complaint to the United States Department of Labor" but "[u]pon doing so, [she] was terminated" by the defendant. Filing 1-1 at 2. The FLSA contains an anti-retaliation provision, 29 U.S.C. § 215(a)(3), for which there is a broad range of available remedies, *see* 29 U.S.C. § 216(b). Despite her allegation, the plaintiff does not seem to have been pursuing a retaliatory discharge claim. *See* filing 1-1. Nonetheless, the parties may want to address whether or not such a claim was available.

negotiate around the statute's mandatory requirements. Without a bona fide dispute, no settlement could ever be fair and reasonable." *Id.* at 719. But the parties have given the Court no basis at this point to evaluate the risk that the plaintiff would be taking by proceeding forward with litigation.

To be *absolutely* clear, however: the Court also has no reason to believe that the settlement agreement is *unfair*. The Court respects counsel for both parties and is willing to place trust in their professional judgment. But the Court cannot discharge its responsibility to evaluate the fairness of the parties' settlement without adequate foundation to make an *independent* judgment. In the words of the Russian proverb famously adopted by President Reagan, the Court must "trust, but verify."

The Court also requires a firmer basis to evaluate the reasonableness of the amount set aside by the settlement agreement for attorney fees. The parties contend that the FLSA "does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action" filing 35 at 4, and while the Court agrees in principle, that does not relieve the Court of an obligation to make at least some inquiry. The FLSA permits a court to allow a "reasonable attorney's fee to be paid by the defendant, and costs of the action[,]" 29 U.S.C. § 216(b), and many courts have held that even in the settlement context, it remains the Court's duty to see that a *reasonable* attorney fee is paid by the defendant. *See*, *Briggins*, 2014 WL 975701, at \*13; *Wolinsky*, 900 F. Supp. 2d at 336; *Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259, 1261 (M.D. Fla. 2008). The Court agrees that in an individual FLSA claim, where separate amounts are set forth for the plaintiff's damages and attorney fees, the Court has greater flexibility in exercising its discretion in determining the reasonability of the attorney fees. *See*, *Wolinsky*, 900 F. Supp. 2d at 336; *Dail*, 391 F. Supp. 2d at 1146. Nonetheless, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336. That is particularly the case when the fee award is based on a contingency agreement, as appears to have been the situation here. *See*, *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226, 1228 (M.D. Fla. 2009); *Zegers*, 569 F. Supp. 2d at 1261. Again, the Court has no reason not to trust counsel—but the Court needs some factual basis to make an independent finding.

Finally, the Court notes that the settlement agreement is conditioned on confidentiality, and that the settlement agreement itself was filed with the Court as a restricted document. *See* filing 33. The Court has granted the parties' request to restrict access to the document for the time being. Filing 34. But, the Court notes, it is extremely well established that a presumption of public access attaches to a judicial document, and that a settlement

agreement that forms the basis of a stipulated judgment under the FLSA is a document to which that presumption attaches. *See*, *Briggins*, 2014 WL 975701, at *11-13; *Wolinsky*, 900 F. Supp. 2d at 337-40; *Bouzzi v. F & J Pine Rest., Inc.*, 841 F. Supp. 2d 635, 639-42 (E.D.N.Y. 2012); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, (E.D. Va. 2011); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003). An FLSA settlement cannot be made contingent upon extraneous conditions such as a confidentiality clause. *Briggins*, 2014 WL 97570, at *11. So, in order for the settlement agreement to remain restricted, the parties must demonstrate to the Court that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents. *See Bouzzi*, 841 F. Supp. 2d at 639; *see generally Miles*, 799 F. Supp. 2d at 621-22 (setting forth factors for court to consider). The fact that the settlement agreement contains a confidentiality provision is, standing alone, an insufficient interest to overcome the presumption of public access. *See Wolinsky*, 900 F. Supp. 2d at 338. If the parties are unable to make a showing of necessity, the Court must lift the restriction on the settlement agreement (filing 33).

In sum, the Court is unable to find that the parties' settlement agreement is fair without a greater showing than has been made to this point. None of this is to say that such a showing need be particularly onerous. The Court recognizes that the parties are in a better position to assess the strengths and weaknesses of their respective cases. *See Bonetti*, 715 F. Supp. 2d at 1227-28. There is no requirement that a valid settlement of an FLSA claim must take a particular form, *see Rakip v. Paradise Awnings Corp.* 514 Fed. Appx. 917, 919-20 (11th Cir. 2013), and approval of the settlement must not be turned into a trial (or rehearsal of the trial), *see Collins*, 568 F. Supp. 2d at 720. But the Court's evaluation of the fairness of the settlement requires more fodder than the parties have provided so far. The Court will, therefore, deny the parties' motion to approve the settlement agreement *for now*, but permit them to try again, focusing particular attention on evidence that will show the Court: (1) the potential value of the plaintiff's claim, and the relative strengths and weaknesses of the parties' arguments; (2) the factual basis supporting the amounts allocated by the settlement to the plaintiff and to her attorneys, and (3) the compelling basis, if any, for denying the public access to the settlement agreement.

IT IS ORDERED:

1. The parties' Joint Motion for Approval of Settlement Agreement (filing 35) is denied without prejudice.

2. The pretrial conference set for September 16, 2014, and jury trial set to begin on September 29, 2014, are cancelled, and this case is removed from the trial docket, pending approval of the parties' settlement agreement.

3. On or before August 25, 2014, the parties shall submit a renewed motion for approval of their settlement agreement, and supporting evidence consistent with this order.

4. On or before August 25, 2014, the parties shall show cause why the Court should not lift the restriction on their settlement agreement (filing 33) and make that document part of the public record. Absent such cause, the Court may lift the restriction without further notice.

5. The Clerk of the Court shall set a case management deadline of August 26, 2014, with the following text: "Check on status of settlement agreement."

Dated this 24th day of July, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 6 -